Henry Epstein, J.
This is a motion hy the individual defendant to dismiss a complaint on the ground that this court does not have jurisdiction of the subject of the action or in the alternative to refuse to entertain jurisdiction, in the exercise of discretion. Briefly, the facts are: the husband died on November 8, 1957, the wife died on March 23, 1959; both were elderly, prominent and wealthy persons. The beneficiaries under the husband’s will were their two children and a grandchild. Under the will of the wife three persons outside of the family were left substantial legacies. All of the property in New York State at the time of the death of the husband was in three banks in the sole name of either husband or wife, or in their joint names. The wife’s will is dated October 21,1958; it purports to dispose of all of her property within the County of New York and was admitted to probate in the Surrogate’s Court, New York County, on September 17,1959. The plaintiff in the action pending here is the ancillary administrator c. t. a. of the husband’s estate pursuant to a decree of said Surrogate’s Court. The contention is made that under Spanish law, on the death of the husband, one half of the property belonged to each spouse. He therefore requests a declaratory judgment, that he is entitled to immediate possession of one half the property held by the defendants, that they be directed to deliver it to him and that they be directed to account to him. He also seeks damages for conversion of any property sold and an injunction to restrain them from disposing of any other property.
The defendants are the executor of the wife’s will and the banks in which the assets of the estate are deposited. Both plaintiff and the individual defendant are members of the Bar. The matter which is the basis of this suit has been discussed by them for some time during the administration of this estate. However, on June 29, 1960, after a demand on the defendants, this action was commenced. On July 5, 1960, the individual defendant filed his account with the Surrogate, served a citation on the plaintiff, and in addition copies of the petition and account. The complaint here states a good cause of action. In addition, it cannot be denied that this court has jurisdiction of this matter. The only question remaining is: should this court retain *556 jurisdiction. Ordinarily this court will not retain jurisdiction of a matter over which the Surrogate’s Court has concurrent jurisdiction, unless the special facts and circumstances require it. Such special facts have not been shown; the contention that the defendant banks are not before the Surrogate but are before this court does not present such special facts. The Surrogate can control the action of the executor and as the accounts are in his name in his representative capacity, there is no danger that a proper order of that court will not be carried out. Nor is the fact that the plantiff here was able to obtain jurisdiction of the defendants a few days before the defendant served his citation in the accounting proceeding sufficient to require that jurisdiction remain here. In this instance the race is not to the swift, particularly when the determination of the questions involved is also within the specialized jurisdiction of the Surrogate.
Finally, while it is true that this court might be able to determine the application of Spanish law as well as the Surrogate, the court can see other questions arising, for example, whether or not the Spanish law should be applied. In any event, as the estate is before the Surrogate and a full determination of the rights of the parties can be there determined, this court, in the exercise of discretion, will grant the motion in the alternative, without prejudice to such action as the plaintiff is advised to take in the matter pending before the Surrogate.